Helen Grayce **LONG**, as next of kin of Carl T. Long, Jr., Deceased,

v.

**GENERAL AVIATION SERVICE, INC., Air Transit, Inc., and Lucian B. Kent**

**Thomas Grant Long and Mark Stephen Long, minors, by their next friend, Mercedes Gonzalez, Intervenors,**

**State (California) Compensation Insurance Fund, Intervenor.**

Civ. No. 8447.

United States District Court, E. D. Tennessee, N. D.

Sept. 24, 1980.

John A. McReynolds, Knoxville, Tenn., John K. Duncan, Los Angeles, Cal., James L. Jones, Knoxville, Tenn., for plaintiff.

Lucian B. Kent, pro se.

Arden J. Curry, Charleston, W. Va., Jon E. Jones, Cookeville, Tenn., for intervenor.

Harold B. Stone, Knoxville, Tenn., Norman D. Lane, Nashville, Tenn., for defendants.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

On April 11, 1974, plaintiff was awarded a judgment in this Court for $150,000.00 for the wrongful death of her husband. Thereafter, this Court, by agreed order, sustained the petition of State (California) Compensation Insurance Fund to intervene and granted it a lien for $29,000.00 against plaintiff's judgment, to be distributed on a pro rata basis as the funds became available. This is presumably the amount of workmen's compensation benefits paid by the intervenor to representatives of plaintiff's decedent. When defendants' insurance company thereafter denied coverage, plaintiff sought declaratory relief in the state courts of West Virginia. Plaintiff prevailed in that action, and in August, 1980, defendants' insurance company deposited $100,000.00 with the Clerk of the Court. Intervenor State Compensation Insurance Fund was not made a party to that action and did not participate in its prosecution. Plaintiff now claims that a share of the attorney fees incurred in prosecuting the declaratory relief action should be paid by the intervenor out of that portion of the $29,000.00 now due the intervenor.

Plaintiff relies on T.C.A. § 50–914. That section provides that notwithstanding an employee's recovery of workmen's compensation benefits, he or his representative may sue a third person for his injuries. It also provides for an award of attorney's fees to plaintiff's attorney, and a lien therefor against the judgment. Finally, the section creates a subrogation lien against any recovery from such third party in favor of the employer for the amount of workmen's compensation benefits paid to the employee. There is nothing in the statute giving rise to a right of recovery of attorney's fees by a plaintiff from the *employer* in connection with collection of the judgment, which is essentially what plaintiff seeks in this case.

Accordingly, it is ORDERED that plaintiff's motion for allowance of attorney's fees be, and the same hereby is, denied.

Order accordingly.